[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: OBJECTION TO REOUEST TO REVISE
The complaint in this action alleges that the Defendant operated a dog kennel and that the Plaintiff left her dog there for a two-week stay. The complaint further alleges that when the Plaintiff returned to pick up her dog, she was unable to do so because the Defendant had lost the dog. In her five count complaint the Plaintiff sues the Defendant for negligence (Count 1), breach of contract (Count 2), bailment (Count 3), negligent infliction of emotional distress (Count 4) and violation of the Connecticut Unfair Trade Practices Act (Count 5). CT Page 7197
The Defendant has requested that the Plaintiff revise her complaint by deleting Paragraphs 9, 10 and 11 in the First and Fourth Counts and Paragraphs 12, 13, and 14 in the Fifth Count, which allege:
 9 and 12. As a result of the above described conduct of the Defendant as aforesaid, the Plaintiff, Joanne E. Rees, suffered extreme emotional distress, upset, mental anguish, and has ben prevented from enjoying the full spectrum of life's activities, some or all of said effects thereof are or are likely to be permanent in nature.
 10 and 13. As a further result of the above-described conduct of the Defendant, the Plaintiff, Joanne B. Rees, was compelled to expend and will oblige (sic) in the future to continue to expend sums of money for medical treatment and therapy all to her loss and damage.
 11 and 14. As a further result of the above-described conduct of the Defendant, the Plaintiff suffered loss of earnings and suffered an impairment of earning capacity.
In her Request to Revise the Defendant has requested that the Plaintiff delete these allegations because the Plaintiff is seeking damages that are not recoverable under the theories being alleged by the Plaintiff. The Defendant claims that dogs are considered property in Connecticut and no cases allow for the recovery for negligent infliction of emotional distress resulting from injury solely to property. In her objection to the Request to Revise the Plaintiff claims that the request is improper and should be by way of a Motion to Strike since the Defendant is contesting the legal sufficiency of the allegations of the complaint. In her Reply to the Objection to the Request to Revise, the Defendant claims that a Motion to Strike is an improper vehicle in which to challenge individual paragraphs in a particular count.
As the Defendant notes, several courts have held that: "`Where individual paragraphs standing alone do not purport to state a cause of action, a motion to strike cannot be used to attack the legal sufficiency of those paragraphs. A single paragraph or paragraphs can only be attacked for insufficiency when a cause of action is therein attempted to be stated.' Pete's Plumbing v. Meade, Superior Court, judicial district of Danbury, Docket No. 340790 (Apr. 12, 2001) (Adams, J.); Leisure ResortTechnology, Inc. v. Trading Cove Associates, Superior Court, judicial district of Middlesex at Middletown, Docket No. 091180 (October 13, 2000) CT Page 7198 (Gordon, J.); Dowd v. D'Addeo, Superior Court, judicial district of Middlesex at Middletown, Docket No. 088165 (January 13, 2000, Arena, J.)." Coston v. Reardon, Superior Court, judicial district of Windham at Putnam, Docket No. 063892 (Oct. 18, 2001) (2001 Ct. Sup. 14867) (Foley, J.). It has also been held that "[a] paragraph sets out a separate cause of action where the subject paragraph `attempts to set forth all of the essential allegations of a cause of action or defense.' Garcia v. ITTHartford Ins. Co., Superior Court, CT Page 11786 Judicial District of Hartford, Docket No. 579974 (December 8, 1998, Peck, J.) (23 Conn.L.Rptr. 450, 453 n. 1). But see Smith v. Bridgeport Futures Initiative,Inc., Superior Court, Judicial District of Fairfield, Docket No. 326697 (August 13, 1996, Levin, J.) (17 Conn.L.Rptr. 412). Where a paragraph merely sets out a claim for damages, that paragraph does not set out a separate cause of action. Smith v. Trinity College, Superior Court, Judicial District of Hartford, Docket No. 595514 (September 8, 2000, Fineberg, J.) (denying a motion to strike a paragraph claiming emotional distress damages); Moss Ledge Assn. v. Firestone Building Products, Co.,
Superior Court, Judicial District of Stamford/Norwalk at Stamford, Docket No. 170167 (October 27, 1999, Karazin, J.) (denying the defendant's motion to strike because "no cause of action exists in the plaintiff's assertion of damages')." Ciesluk v. Camp Realty, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 070320 (Aug. 29, 2001) (2001 Ct. Sup. 11783) (Sequino, J.). This court agrees with this line of reasoning.
Here the allegations of Paragraphs 9, 10, and 11 as set forth in the negligence count (Count 1), and restated as Paragraphs 12, 13, and 14 of the CUTPA count (Count 5) are assertions of damages and not part of the cause of action alleged in those counts. Therefore, consistent with the holding in Coston, they are properly the subject of a Request to Revise.
As to the First Count, the allegations of negligence relate to the Defendant's care and control of the Plaintiff's dog, and not any actions directed to the Plaintiff herself. Therefore the Plaintiff's emotional distress and other damage claims as to her are for injuries to a bystander. In Coston the court held that: "Coston cannot maintain causes of action for intentional and negligent infliction of emotional distress for the injury and death of her dog, Laura. The complaint does not allege that Reardon threatened Coston or that Coston feared for her own safety, therefore, any claims for emotional distress as a result of Reardon's conduct are considered bystander emotional distress. Coston's relationship with Laura does not satisfy the closely related to the injury victim requirement enunciated in Clohessy v. Bachelor, 237 Conn. 31,56, 675 A.2d 852 (1996). Furthermore, as the court noted earlier, dogs are considered personal property in Connecticut and "no Connecticut cases specifically allow recovery for negligent infliction of emotional distress CT Page 7199 resulting from an injury solely to property.' Hixon v. Eilers, Superior Court, judicial district of Hartford, Docket No. 592937 (February 14, 2001) (Fineberg, J.) (29 Conn.L.Rptr. 254); Deleo v. Reed, Superior Court, judicial district of Stamford, Docket No. 172435 (January 3, 2000) (Hickey, J.) (26 Conn.L.Rptr. 213)." (Footnote omitted.) Coston v.Reardon, Superior Court, judicial district of Windham at Putnam, Docket No. 063892 (Oct. 18, 2001) (2001 Ct. Sup. 14867) (Foley, J.). Therefore the Plaintiff's Objection to the Request to Revise Paragraphs 9, 10, and 11 of the First Count is overruled.
As to the Fifth Count, the CUTPA claim, the Plaintiff claims that the Defendant violated CUTPA by not registering its trade name or having a license for a commercial kennel. Paragraphs 12, 13, and 14 of that count, which restate paragraphs 9, 10, and 11 of the First Count, allege essentially emotional distress damages including impairment of earning capacity. Pursuant to General Statutes § 42-110g "(a) Any person who suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment of a method, act or practice prohibited by [CUTPA], may bring an action in the judicial district in which the plaintiff or defendant resides or has his principal place of business or is doing business, to recover actual damages." In Paragraph 12 the Plaintiff alleges she suffered emotional distress and loss of life's enjoyment. In Paragraph 13 she claims she was compelled to expend large sums for medical treatment and therapy and will be obliged to expend sums for such treatment in the future. In Paragraph 14 she claims a loss of earnings and impairment of earning capacity. Ascertainable loss pursuant to CUTPA "is a "deprivation, detriment [or] injury' that is "capable of being discovered, observed or established.' Service Road Corp. v. Quinn,241 Conn. 630, 638, 698 A.2d 258 (1997) (quoting Hinchliffe v. AmericanMotors Corp., supra, at 613)." Criscuolo v. Shaheen, 46 Conn. Sup. 53, 61
(1999). Paragraphs 13 and 14 do allege an ascertainable loss and actual damages which may be provable under CUTPA. As to Paragraph 12 which alleges emotional distress and loss of life's enjoyment, these types of damages do not appear to come within the meaning of ascertainable loss or actual damages as contemplated by the CUTPA statute. In fact, it has been held that "emotional distress damages are not available under CUTPA."Jaworski v. Anderson, Superior Court, judicial district of Hartford, Docket No. 537265, (Aug. 7, 2001) (2001 Ct. Sup. 10847) (Schuman, J.). Therefore the Plaintiff's Objection to the Request to Revise Paragraph 12 of the Fifth Count is overruled and Plaintiff's Objection to the Request to Revise Paragraphs 13 and 14 of the Fifth Count is sustained.
Lastly, the Defendant seeks the deletion of the same allegations made in Paragraphs 9, 10, and 11 of the negligent infliction of emotional distress count, the Fourth Count. The elements of a cause of action for negligent infliction of emotional distress are that the Defendant's CT Page 7200 conduct was such that she should have realized that it involved an unreasonable risk of causing emotional distress to the Plaintiff and that distress, if it were caused, might result in illness or bodily harm.Perodeau v. Hartford, 259 Conn. 729, 751 (2002). Thus the allegations that the actions of the Defendant inflicted emotional distress on the Plaintiff and resulted in her suffering upset and anguish, as well as the need for medical treatment and therapy, and loss earnings may be viewed as not only elements of damages but also elements of that cause of action. Therefore a Motion to Strike addressed to this Count, rather than a Request to Revise, is the appropriate means of challenging the legal sufficiency of the allegations in this Count. Therefore the Plaintiff's Objection to the Request to Revise Paragraphs 9, 10, and 11 of Fourth Count is sustained.
Conclusion
The Plaintiff's Objection to the Revise to Revise dated February 28, 2002 is sustained as to Paragraphs 9, 10, and 11 of the Fourth Count and Paragraphs 13 and 14 of the Fifth Count and overruled as to Paragraphs 9, 10, and 11 of the First Count and Paragraph 12 of the Fifth Count.
Scholl, J.